IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                                                  )
                                                        )   Case No. 15-04801
DIKA-HOMEWOOD, LLC,                                     )   Chapter 11
an Illinois Limited Liability Company,                  )   Judge Pamela S. Hollis
                                                        )
       Debtor/Debtor-in-Possession.                     )

## NOTICE OF MOTION

TO:    ATTACHED SERVICE LIST:

PLEASE TAKE NOTICE that on the 8th day of November, 2016 at 10:00 a.m. or as soon thereafter as counsel can be heard, I shall appear before the Honorable Judge Pamela S. Hollis, Bankruptcy Judge, in the room usually occupied by her at courtroom 644 in the United States Bankruptcy Court in the Everett McKinley Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, or before any other Judge who may be sitting in his place and stead and shall present the **MOTION FOR FINAL ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES TO DEBTOR'S COUNSEL**, a copy of which is attached hereto and herewith served upon you, and shall pray for the entry of an Order in compliance therewith.

AT WHICH TIME and place you may appear if you so see fit.

/s/Thomas W. Goedert
Crane, Heyman, Simon, Welch & Clar
135 S. LaSalle St., Suite 3705
Chicago, Illinois 60603
(312) 641-6777

## CERTIFICATE OF SERVICE

The undersigned, being first duly sworn on oath deposes and states that he caused a copy of the foregoing Notice and attached **MOTION FOR FINAL ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES TO DEBTOR'S COUNSEL** to be served on all the parties listed with an asterisk (*) via First Class U.S. Mail properly addressed and a copy of the Notice regarding the fee hearing was served upon all parties on the attached service list via First Class U.S. Mail on the 18th day of October, 2016, before the hour of 5:00 p.m.

/s/Thomas W. Goedert

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 15-04801 |
| DIKA-HOMEWOOD, LLC, ) | Chapter 11 |
| an Illinois Limited Liability Company, ) | Judge Pamela S. Hollis |
| ) | |
| Debtor/Debtor-in-Possession. ) | |

### NOTICE OF HEARING ON MOTION FOR ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES TO DEBTOR'S COUNSEL

**TO ALL CREDITORS AND PARTIES IN INTEREST:**

PLEASE TAKE NOTICE that on October 18, 2016, Crane, Heyman, Simon, Welch & Clar, counsel for the Debtor, filed a Motion for Allowance of Final Compensation and Reimbursement of Expenses (the "CHSWC Motion"), thereby requesting the sum of $55,348.50 for legal services rendered to the Debtor for the period commencing December 15, 2015 through and including July 22, 2016, plus costs advanced for the same period in the sum of $989.16.

PLEASE TAKE FURTHER NOTICE that any person objecting to the CHSWC Motion, is directed to file their objection(s) in writing with the Clerk of the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois 60604, on or before the hour of 4:30 p.m., on the **4th day of November, 2016**, with a copy of said objection(s) to be simultaneously served upon Thomas W. Goedert, Crane, Heyman, Simon, Welch & Clar, 135 South LaSalle, Suite 3705, Chicago, Illinois 60603.

PLEASE TAKE FURTHER NOTICE that a hearing on the CHSWC Motion, together with objections timely filed, if any, will be held before the Honorable Pamela S. Hollis, Bankruptcy Judge, Courtroom No. 644, 219 South Dearborn Street, Chicago, Illinois, on the **8th day of November, 2016**, at the hour of **10:00 a.m.**, at which time and place you may appear if you so see fit.

DATED: October 18, 2016

**DEBTOR'S COUNSEL**:
Thomas W. Goedert (Atty No. 6201228)
Jeffrey C. Dan (Atty. No. 06242750)
Brian P. Welch (Atty. No. 6307292)
Crane, Heyman, Simon, Welch & Clar
135 South LaSalle Street, Suite 3705
Chicago, IL 60603
TEL: (312) 641-6777
FAX: (312) 641-7114
W:\TWG\Dika-Homewood\Pay CHSWC.fee Final.NOT.wpd

## SERVICE LIST

Kathryn Marie Gleason*
United States Trustee
Dirksen Federal Building
219 South Dearborn Street, Suite 873
Chicago, IL 60604

Thomas C. Wolford*
Neal Gerger Eisenberg
Two N. LaSalle St.
Chicago, IL 60602

Michael F. Baccash*
Sarnoff & Baccash
1 N. LaSalle St. Suite 1920
Chicago, IL 60602-3929

Mark Tyer*
CW Capital
7501 Wisconsin Ave., Ste. 500W
Bethesda MD 20814

Brent Procida*
Venable LLP
750 E. Pratt Street, Ste. 900
Baltimore, MD 21202

Broesch Mechanical Services
310 St. Paul Blvd.
Carol Stream, IL 60188

Creative Hairdressers, Inc.
1577 Spring Hill Rd., Suite 500
Vienna, VA 22182

Dickler, Kahn, Slowikowski & Zavell
85 W. Algonquin Rd.
Arlington Heights, IL 60005-4424

Edgemark Asset Management
2215 York Rd., Suite 503
Oak Brook, IL 60523

Line A Lot Inc.
P.O. Box 399
Wauconda, IL 60084

Nong Thi Truong (Pro Nails)
7524 Preswick Drive
Tinley Park, IL 60477

Professional Cleaning Co., Inc.
909A Rohlwing Rd.
Rolling Meadows, IL 60008

Weatherguard
345 Renner Drive
Elgin, IL 60123

Wells Fargo
P.O. Box 60253
Charlotte, NC 28260-0253

Arctic Snow & Ice
22763 Center Rd.
Frankfort, IL 60423

Baum Realty Group, LLC
Attn: Alan Jaffe
1030 W. Chicago Ave., Ste. 200
Chicago, IL 60642

Cook County Tax Assessor
118 N. Clark
Suite 112
Chicago, IL 60602

Dika-Lakeview, LLC c/o
Dickler Hahn Slowikowski & Zavell
85 W. Algonquin Rd., Suite 420
Arlington Heights, IL 60006

Edgemark Asset Management
2215 York Rd., Suite 503
Oak Brook, IL 60523

Hair Cuttery#4180,Attn: M.Zeberlein
Creative Hairdressers, Inc.
1577 Spring Hill Rd., Ste.500
Vienna, VA 22182

Janka & Wool Real Estate LLC
1161 Lake Cook Road
Suite A
Deerfield, IL 60015

Nicor Gas
PO Box 632
Aurora, IL 60507-0632

Nong Thi Truong (Pro Nails)
7524 Preswick Drive
Tinley Park, IL 60477

OfficeMax Incorporated #1199
VP of R.E. and copy to Genl.Cnsl
263 Shuman Blvd.
Naperville, IL 60563

Pro Nails Salon
Nong Thi Truong
7524 Preswick Dr.
Tinley Park, IL 60477

RadioShack Corporation #01-6544
Dir of Lease Operations
300 RadioShack Circle
Fort Worth, TX 76102-1964

Sally Beauty Co., Inc., Legal Dept.
dba Sally Beauty Supply
3001 Colorado Blvd.
Denton, TX 76210-6802

SprintCom, Inc., Lse Adm.CID#505764
6391 Sprint Pkway,
Mailstop KSOPHT0101-Z2000
Overland Park, KS 66251

Zoepaz, Incorporated
444 E. Roosevelt Rd.
Suite 268
Lombard, IL 60148

Department of Treasury
Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
Mail Stop 5014CHI
230 S. Dearborn St., Room 2600
Chicago, IL 60604-1705

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE: )
 )
 ) Case No. 15-04801
DIKA-HOMEWOOD, LLC, ) Chapter 11
an Illinois Limited Liability Company, ) Judge Hollis
 )
Debtor/Debtor-in-Possession. )

## COVER SHEET FOR APPLICATION FOR
## PROFESSIONAL COMPENSATION

Name of Applicant: <u>CRANE, HEYMAN, SIMON, WELCH & CLAR, Debtors' Counsel</u>

Authorized to Provide
Professional Services to: <u>Debtor</u>

Date of Order Authorizing Employment: <u>March 17, 2015</u>

Period for Which Compensation
is Sought:  From: <u>December 15, 2015</u> through <u>July 22, 2016</u>

Amount of Fees Sought: <u>$55,348.50</u>

Amount of Expenses
Reimbursement Sought: <u>$989.16</u>

This is a(n):  Interim Application ____    Final Application <u> X </u>
If this is not the first Application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed |
|---|---|---|---|
| 12/15/15 | 2/13/15 - 12/15/15 | $61,132.52 | $61,132.52 |

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses herein is:

Date: October 18, 2016

Applicant:

Thomas W. Goedert and the firm

<u>Crane, Heyman, Simon, Welch & Clar</u>

By: <u> /s/Thomas W. Goedert </u>
Debtor's Counsel

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 15-04801 |
| DIKA-HOMEWOOD, LLC, ) | Chapter 11 |
| an Illinois Limited Liability Company, ) | Judge Pamela S. Hollis |
| ) | |
| Debtor/Debtor-in-Possession. ) | |

**MOTION FOR FINAL ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES TO DEBTOR'S COUNSEL**

Thomas w. Goedert and the law firm of Crane, Heyman, Simon, Welch & Clar ("CHSWC"), Counsel to Dika-Homewood, LLC, Debtor and Debtor-in-Possession herein, make their Motion pursuant to Section 331 of the Bankruptcy Code for Final Allowance of Compensation and Reimbursement of Expenses for legal services rendered and expenses incurred during the period December 15, 2015 through July 22, 2016; and in support thereof, state as follows:

**Introduction**

1.  On February 13, 2015 the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code ("Petition Date").

2.  On the same day, Dika-Matteson, LLC, an Affiliate of debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. That case is pending before this Court as Case No. 15-04804.

3.  The Debtor is operating its business and managing its financial affairs as Debtor-in-Possession. No trustee, examiner or committee of unsecured creditors has been appointed to serve in this reorganization case.

4.  On March 17, 2015 this Court entered an Order authorizing the Debtor to retain CHSWC as its Counsel in this Chapter 11 case retroactive to February 13, 2015 with compensation subject to the further Order of this Court.

1

5. On July 21, 2016, after hearing the evidence and testimony, this Court entered an Order confirming the Debtor's First Amended Plan of Reorganization.

6. By this Motion, CHSWC requests a final allowance of compensation and reimbursement of expenses in the amounts of $55,348.50 and $989.16, respectively, for legal services rendered to the Debtor during the period December 15, 2015 through July 22, 2016. Itemizations of the legal services rendered and expenses incurred during the relevant period are attached to this Motion as **Exhibits A and B**, respectively.

7. CHSWC has received one prior allowance of interim compensation and expenses in this Chapter 11 case in the amounts of $58,675.50 and $2,457.02 ("Interim Compensation"). The pre-petition retainer of $36,178.00 was applied to the Interim Compensation award.

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334. This matter is a "core" proceeding within th meaning of 28 U.S.C. Section 157(b)(2)(A) and (O).

9. The statutory predicates for the relief requested in this Motion are Section 331 of the Bankruptcy Code, Rules 2002(a) and 2016(a) of the Federal Rules of Bankruptcy Procedure and Local Rule 5082-1.

**Relevant Factual Background**

10. The Debtor is an Illinois limited liability company that is the owner and operator of a 48,342 square feet commercial/retail strip center (the "Property") located at 17715 S. Halsted Street, Homewood, Illinois 60430. Currently the Property is 72.23% occupied.

11. Dika-Matteson, LLC the Affiliate, ("Affiliate") property is comprised of approximately 25,857 square feet of commercial/retail shopping center space (the "Affiliate Property") and is located at 4730 W. Lincoln Highway, Matteson, Illinois 60443. Currently the Affiliate Property is 78.89% occupied.

12. The Debtor's operational and profitability problems were principally due to the

general economic problems facing this country over the last several years (particularly in real estate) which has resulted in periodic declines in occupancy levels and the extended time required to bring occupancy levels back to proper levels.

13. Sand Capital VI, LLC alleges to be the purchaser from CW Capital Asset Management, as Special Servicer on behalf of U.S. Bank National Association, as Trustee, successor to Wells Fargo Bank, N.A. as Trustee for the registered Holders of Wachovia Bank Commercial Mortgage Pass- Through Certificates, Series 2005-C16 (Collectively "Lender"). The Lender asserts a senior position mortgage lien and claim against the Property which purportedly secures a senior mortgage indebtedness of approximately $4,989,000. In addition to its mortgage liens on the Property, the Lender asserts a security interest in and lien upon the rents being generated at the Property.

14. The Debtor has attempted, without success, to engage the Lender in a discussion over a restructuring of the underlying mortgage indebtedness.

15. On August 24, 2015 the Lender filed a Motion to Dismiss or Alternatively Lift the Stay which was fully briefed and continued from time to time.

16. On December 30, 2015 the lender filed a Motion for Summary Judgment. That Motion was also fully briefed and continued from time to time.

17. On February 1, 2016, the Debtor filed its Plan of Reorganization and Disclosure Statement.

18. On June 1, 2016, the Debtor filed its First Amended Plan of Reorganization and Disclosure Statement.

19. On June 14, 2016, this Court entered a trial scheduling order and set the matter over for trial on Debtor's First Amended Plan of Reorganization and Disclosure Statement to July 21, 2016.

**Final Compensation
and Expenses Requested**

20. CHSWC is a law firm whose practice is almost exclusively concentrated in the fields of bankruptcy, reorganization and insolvency.

21. The following is biographical information pertaining to those attorneys who have been primarily involved in the representation of the Debtor. Other attorneys at CHSWC have also participated to a lesser extent in this Chapter 11 case. Each such attorney has significant experience and expertise in bankruptcy, reorganization and litigation matters.

22. THOMAS W. GOEDERT is Of Counsel to the law firm and has been practicing law in the State of Illinois since 1989. His practice includes the fields of bankruptcy, insolvency and debtor's and creditor's rights. He has represented debtors, trustees, creditors' committees, secured creditors, unsecured creditors and equity holders. He has lectured at seminars relating to bankruptcy issues at the Chicago Bar Association. He is a member of the Federal Trial Bar and is admitted to practice before the United States Court of Appeals for the Seventh Circuit, and before the United States District Courts for the Northern Districts of Illinois. He is a member of several other bar associations and legal organizations. Mr. Goedert is the former Co-Chairman of the Chicago Bar Association Committee on Bankruptcy and Reorganization, is a former member of the Advisory Board of the American Bankruptcy Institute, and is the Former First Chairman of the Bankruptcy Court Liaison Committee.

23. JEFFREY C. DAN is a member of CHSWC and has been practicing law in the State of Illinois since 1997. He graduated from DePaul University School of Law. He has practiced as a trial attorney in a number of areas of the law including personal injury, domestic relations, criminal law and commercial litigation. Mr. Dan joined the firm in September of 2002 and has been actively involved in all aspects of bankruptcy and bankruptcy litigation as well as State Court litigation that arises in insolvency matters. He has served as a member of the Illinois State Bar Association, Commercial Banking and Bankruptcy Law Section Council. Mr. Dan is a member of the Federal Trial Bar and is admitted to practice before the United States Court of

Appeals for the Seventh Circuit and the United States Court of Appeals for the Third Circuit. He is also admitted to practice before the United States District Courts for the Northern District of Illinois, Northern District of Indiana, Central District of Illinois and Eastern District of Wisconsin.

24.    BRIAN P. WELCH is an associate with CHSWC whose practice is primarily focused in the fields of bankruptcy, business reorganization, debtor's and creditor's rights, insolvency, and commercial litigation. He has represented a diverse group of clients including individual and corporate debtors in Chapter 11 and Chapter 7 proceedings, secured and unsecured creditors, estate representatives such as Chapter 7 and Chapter 11 trustees, plan administrators and assignees for the benefit of creditors. He has a broad range of experience in both State and Federal Courts, including representation of creditors in State Court, with respect to contract and mortgage foreclosure actions.

Prior to joining CHSWC, Mr. Welch was an associate in the Chicago Bankruptcy & Creditors' Rights and Litigation groups at Arnstein & Lehr LLP. He graduated *cum laude* from The John Marshall Law School in 2011 and received his B.A. from the University of Illinois in 2008. While in law school, he was a member of The John Marshall Law Review and served on the The John Marshall Moot Court Honors Executive Board. Mr. Welch represented The John Marshall Law School in several national inter-scholastic competitions, including the Hon. Conrad B. Duberstein Bankruptcy Moot Court Competition (Spring 2011), where his team received an "Outstanding Brief" award, and the Pepperdine University School of Law National Entertainment Law Moot Court Competition (Fall 2010), where his team was named a national quarterfinalist.

Mr. Welch is admitted to practice in the United States Court of Appeals for the Seventh Circuit, the United States District Court for the Northern District of Illinois and in the State of Illinois. He is an active member of the American Bankruptcy Institute, the American Bar

Association, and the Illinois State Bar Association. He has been published in various local and national publications. His articles include:

Co-Author, "Abstention: Recent Developments", Norton Annual Survey of Bankruptcy Law, Volume 2012, Issue 2012, 2012 Ann. Surv. Bankr. Law 18 (2012).

"7th Circuit Successor Liability Law as Extended by Ordonez v. Akorat", Illinois State Bar Ass'n, Commercial Banking, Collections & Bankruptcy Law, Vol. 56, No. 4 (February 2012).

Co-Author, Chapter: "The Impact of Foreclosure and Bankruptcy on Commercial Leases", Advanced Commercial Landlord-Tenant Law, National Business Institute (June 2012).

Brian P. Welch, Comment, *Unconscionable Amateurism: How the NCAA Violates Anti-Trust by Forcing Athletes to Sign Away Their Image Rights*, 44 J. Marshall L. Rev. 533 (2011).

25.  The hourly rates typically charged by CHSWC in matters of this nature are as follows:

| Attorney | 2015 Hourly Rates | 2016 Hourly Rates |
|---|---|---|
| Eugene Crane (EC)[1] | $495.00 | $495.00 |
| Glenn R. Heyman (GRH) | $495.00 | $495.00 |
| Arthur G. Simon (AGS) | $495.00 | $495.00 |
| David K. Welch (DKW) | $495.00 | $495.00 |
| Scott R. Clar (SRC) | $495.00 | $495.00 |
| Jeffrey C. Dan (JCD) | $420.00 | $430.00 |
| John H. Redfield (JHR) | $395.00 | $395.00 |
| Thomas W. Goedert (TWG) | $430.00 | $440.00 |
| Brian P. Welch (BPW) | $300.00 | $310.00 |

26.  The following is a chart that depicts the total hours that each attorney at CHSWC expended in representing the Debtors during the relevant period:

| Attorney | 2015 Hours | Amount |
|---|---|---|
| Thomas W. Goedert | 3.7 | $1,591.00 |
| **TOTAL** | **3.7** | **$1,591.00** |

| Attorney | 2016 Hours | Amount |
|---|---|---|
| Arthur G. Simon | 12.90 | $ 6,385.50 |
| Jeffrey C. Dan | 36.80 | $15,824.00 |
| Thomas W. Goedert | 71.70 | $31,548.00 |
| **TOTAL** | **121.40** | **$53,757.50** |

---

[1] These are the abbreviations utilized in the Exhibits to this Motion.

27. During the course of the representation of the Debtor during the relevant period, CHSWC incurred expenses of $989.16  These expenses are itemized on **Exhibit B** to this Motion.

**Legal Services Rendered to the Debtor**

28. The representation of the Debtor is categorized in this Motion as follows:

A) **General Administration**
The matters in this category include assisting the Debtor with the general administration of this bankruptcy case and the Debtor's business operations and financial affairs, filing bankruptcy schedules, routine motions and professionals' fee applications and retention motions. Also included in this category are legal services related to and assisting the Debtor with its monthly operating reports and responding to general creditor inquiries.

**Total Time Expended**                8.50 hours

| Attorney | 2015 Hours | 2016 Hours | Amount |
|---|---|---|---|
| Arthur G. Simon |  | 1.70 | $ 841.50 |
| Jeffrey C. Dan |  | 1.90 | $ 817.00 |
| Thomas W. Goedert |  | 4.90 | $2,156.00 |
| **TOTAL** |  | **8.50** | **$3,814.50** |

Attached to this Motion as **Exhibit C** is an itemization of the legal services rendered in this category.

B) **Cash Collateral Issues**

The success of this Chapter 11 case, in large part, depended upon the entry of a series of Cash Collateral Orders by this Court. While these Cash Collateral Orders were entered on a consensual basis with the Lender, questions over the budgets and adequate protection arose which were addressed and resolved by CHSWC.

**Total Time Expended**                4.80 hours

| Attorney | 2015 Hours | 2016 Hours | Amount |
|---|---|---|---|
| Jeffrey C. Dan |  | 2.20 | $ 946.00 |
| Thomas W. Goedert | 0.40 | 2.20 | $1,140.00 |
| **TOTAL** | **0.40** | **4.40** | **$2,086.00** |

Attached to this Motion as **Exhibit D** is an itemization of the legal services rendered in this category.

7

### C) Motion to Dismiss/Lift Stay/Summary Judgment

The Lender filed its Initial Motion to Dismiss or Alternatively to Lift Stay which was briefed, as well as a Motion for Summary Judgment which was also fully briefed. Both Motions were based primarily on Debtor's inability to confirm a Plan and were continued until hearing on confirmation. Subsequent to confirmation, these motions were moot.

**Total Time Expended**                                          **37.80  hours**

| **Attorney** | **2015 Hours** | **2016 Hours** | **Amount** |
|---|---|---|---|
| Arthur G. Simon |  | 5.50 | $ 2,722.50 |
| Jeffrey C. Dan |  | 3.40 | $ 1,462.00 |
| Thomas W. Goedert | 3.00 | 25.90 | $12,686.00 |
| **TOTAL** | **3.00** | **34.80** | **$16,870.50** |

Attached to this Motion as **Exhibit E** is an itemization of the legal services rendered in this category.

### D) Property Issues

Various issues have arisen during the course of this Chapter 11 case relating to the Property. These issues include the payment of real estate taxes, negotiation of leases and lease amendments, forbearance issues with tenants and post-petition contracts. CHSWC has assisted the Debtor with all of these issues.

**Total Time Expended**                                          **0.30 hours**

| **Attorney** | **2015 Hours** | **2016 Hours** | **Amount** |
|---|---|---|---|
| Thomas W. Goedert | 0.30 |  | $129.00 |
| **TOTAL** | **0.30** |  | **$129.00** |

Attached to this Motion as **Exhibit F** is an itemization of the legal services rendered in this category.

### E) Plan And Disclosure Statement and Objection to Claims/Discovery

The Debtor filed a Plan and Disclosure Statement and a subsequent First Amended Plan ("Plan") and Disclosure Statement, and claim objection. Discovery related to the Plan was completed and a trial on confirmation of the Plan.

**Total Time Expended**                                          **73.70  hours**

| **Attorney** | **2015 Hours** | **2016 Hours** | **Amount** |
|---|---|---|---|
| Arthur G. Simon |  | 5.70 | $ 2,821.50 |
| Jeffrey C. Dan |  | 29.30 | $ 12,599.00 |

8

| Thomas W. Goedert | 38.70 | $ 17,0280 |
| **TOTAL** | **73.70** | **$32,448.50** |

Attached to this Motion as **Exhibit G** is an itemization of the legal services rendered in this category.

## Conclusion

29. Other than as provided in Section 504(b) of the Bankruptcy Code, CHSWC has not shared, nor agreed to share, any compensation received as a result of this case with any person, firm or entity. The sole and exclusive source of compensation shall be funds of the Debtor.

30. CHSWC asserts that the compensation requested in this Motion is reasonable compensation for the actual and necessary legal services rendered based upon the time, nature, extent and value of such professional services. CHSWC further asserts that the cost of legal services rendered for and on behalf of the Debtor is comparable to the cost of similar services in matters other than under the Bankruptcy Code.

31. CHSWC asserts that the expenses for which reimbursement is sought in this Motion are reasonable and were actual and necessary expenditures required in the representation of the Debtor.

32. CHSWC submits that the compensation and expenses requested are fair, reasonable and warranted under the circumstances.

WHEREFORE, THOMAS W. GOEDERT, JEFFREY C. DAN, BRIAN P. WELCH and the law firm of CRANE, HEYMAN, SIMON, WELCH & CLAR, Debtor's Counsel, request the entry of an Order allowing final compensation and reimbursement of expenses in the amounts of $55,348.50 and $989.16, respectively; and granting such other relief as may be just and appropriate.

Respectfully Submitted,

THOMAS W. GOEDERT, JEFFREY C. DAN, BRIAN P. WELCH and the law firm of CRANE, HEYMAN, SIMON, WELCH & CLAR

By:  /s/Thomas W. Goedert

9

**DEBTOR'S COUNSEL**:
Thomas W. Goedert (Atty No. 6201228)
Jeffrey C. Dan (Atty. No. 06242750)
Brian P. Welch (Atty. No. 6307292)
Crane, Heyman, Simon, Welch & Clar
135 South LaSalle Street, Suite 3705
Chicago, IL 60603
TEL: (312) 641-6777
FAX: (312) 641-7114